**In re Anonymous No. 13 D.B. 78**

Disciplinary Board Docket no. 13 D.B. 78.

McDONNELL, *Board Member*, October 3, 1978—

## HISTORY OF PROCEEDINGS

A petition for discipline was filed against respondent on February 27, 1978, alleging in charge 1 that respondent had violated Disciplinary Rules 1-102(A)(4); D.R. 2-110(A)(3); D.R. 6-101(A)(3), and in charge 2 violation of D.R. 1-102(A)(4); D.R. 9-102(A); D.R. 9-102(B)(4).

On April 21, 1978, respondent filed an answer to the petition. A hearing was held on May 26, 1978, at which time respondent did not appear. The hearing committee handed down its report on August 2, 1978.

## STATEMENT OF FACTS

Respondent, [ ], is an attorney practicing law in [ ] County. On April 16, 1977, he accepted a retainer fee of $100 to begin a property settlement negotiation. Respondent had no communication with the client for several months thereafter, even though the client had made numerous calls to respondent's office. On July 19, 1977, the client sent a letter to respondent asking that he inform her within 15 days of the status of her legal matter.

There was no acknowledgment of the client's letter by respondent. The client thereafter went to petitioner and complained of respondent's conduct. On August 8, 1977, petitioner sent a letter to respondent bringing his attention to the client's complaint. On September 30, 1977, respondent sent to petitioner a letter stating that he had returned the retainer and file to the client in or about mid-July, 1977, stating in the letter his intention to withdraw from representation. As of February 10, 1978, respondent still had not returned to the client her file or the retainer. In respondent's answer the above facts were almost completely admitted.

Concerning charge 2, it was alleged that respondent settled a claim for a client who had been sued in the amount of $345. The client paid the $345 to respondent in order to complete the settlement of the suit on July 20, 1977. On that same day, according to petitioner, respondent negotiated the check by depositing it into his own checking account and not into any escrow or clients' funds account. On July 22, 1977, petitioner alleged that respondent had delivered to plaintiff's attorney a check in the amount of $345. However, on July 27, 1977, the bank informed plaintiff's attorney that respondent's check had been returned unpaid because of insufficient funds. After several demands by plaintiff's attorney on respondent to deliver in cash the sum of $345 to him, respondent did, on August 17, 1977, present the $345 in cash to plaintiff's attorney. Again, all of these allegations were admitted in respondent's answer.

Respondent failed to appear at the hearing, even though he had proper notice of the hearing. When petitioner's counsel called his office on the day of the hearing, he was told that respondent was out of

the office on vacation and was not expected to return. The hearing committee decided to go ahead with the hearing ex parte.

## DISCUSSION

Based primarily on the admissions of respondent in his answer to the petition, the hearing committee found that, with regard to charge 1, respondent had violated D.R. 1-102(A)(4) (dealing with conduct involving dishonesty, fraud, deceit and misrepresentation), and D.R. 2-110(A)(3) (dealing with refunding an unearned fee), but had not violated D.R. 6-101(A)(3) (dealing with neglect of a legal matter). The reason for not finding respondent in violation of the latter rule was that, even though there might have been neglect of a client, there was not enough support to charge neglect of a case.

With regard to charge 2, the hearing committee concluded, again primarily from the petition and admissions in the answer, together with evidence presented by counsel for petitioner, that respondent had, in fact, not deposited the settlement amount of $345 into an escrow account, but had placed the money in his personal checking account, later using that money for his own purposes, and finally, some two weeks later, delivering the cash to plaintiff's attorney for settlement of the case. The hearing committee concluded that respondent had violated D.R. 1-102(A)(4) and also D.R. 9-102(A) (dealing with preserving the identity of funds of a client). The committee did not find a violation of D.R. 9-102(B)(4) because it felt that the duty breached was not to respondent's client but to respondent's adversary, in that he delayed in making settlement to plaintiff's counsel through his own fault. The

committee also took into consideration the fact that respondent had been previously informally admonished on November 28, 1977, for another matter.

The committee recommends that respondent be suspended from the practice of law for a period of four months, but be permitted at the expiration of the first month of suspension to initiate proceedings for reinstatement in accordance with the rules.

## RECOMMENDATION

After a review of the entire record, it is the recommendation of the disciplinary board that respondent be suspended for a period of four months.

Messrs. Reath and Schiavo did not participate in the adjudication.

## ORDER

EAGEN, *C.J.*, October 16, 1978, the recommendations of the disciplinary board dated October 3, 1978, are rejected and it is ordered and decreed, that said [respondent], Esq., be subjected to public censure by the Supreme Court, as provided in Rule 204(3) of the Rules of Disciplinary Enforcement, at the session of this court commencing March 5, 1979, at Pittsburgh.